Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6078 | **DATE** | March 18, 2011 |
| **CASE TITLE** | *Evers v. CEC Entertainment* | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion to remand [22] is granted, but the court declines to require Chuck E. Cheese's to pay costs and fees. The clerk is directed to remand this action to the Circuit Court of Cook County forthwith. All pending motions are stricken.

■[ For further details see text below.]

**STATEMENT**

      This case arises out of a fatal accident that occurred after a visit to the Chuck E. Cheese's located in Niles, Illinois. Richard Gorney drove his stepson, 12-year old Jesse Gorney, and Jesse's friend, 8-year old Troy Evers, to Chuck E. Cheese's and dropped them off. Mr. Gorney then drove to the Edens #2 liquor store, where he purchased alcoholic beverages, and returned to the Chuck E. Cheese's parking lot. After imbibing the beverages, Mr. Gorney retrieved Jesse and Troy from Chuck E. Cheese's. The children's excursion to Chuck E. Cheese's then took a tragic turn as, due to his intoxication, Mr. Gorney drove into a house, causing Troy to suffer fatal injuries.

      Christine Evers, the independent administrator of Troy's estate, filed suit against Chuck E. Cheese's and Edens #2 in the Circuit Court of Cook County. In Count I, she alleges that Chuck E. Cheese's negligently allowed the children to leave with Mr. Gorney even though he was obviously under the influence of alcohol. Count II is a dram shop liability claim against Edens #2. Chuck E. Cheese's also filed a third party complaint for contribution against Mr. Gorney, who is currently serving a sentence for aggravated DUI and involuntary manslaughter.

      The Circuit Court dismissed the third party complaint pursuant to a settlement. Next, on September 21, 2010, Ms. Evers entered into a settlement with Edens #2. The following day – before the state court had

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

| STATEMENT |
|---|

an opportunity to approve the settlement – Chuck E. Cheese's removed the case to this court based on diversity jurisdiction. Ms. Evers and Chuck E. Cheese's are diverse, but Edens #2, like Ms. Evers, is an Illinois citizen so its presence in this case would defeat diversity jurisdiction.

The state court case was filed on September 24, 2009. Thus, any notice of removal had to be filed by September 24, 2010. *See* 28 U.S.C. § 1446(b) ("a case must not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action"). Chuck E. Cheese's September 22, 2010, notice of removal based on diversity jurisdiction is thus proper only if the settlement with Edens #2 knocked Edens #2 out of the case for diversity purposes. Ms. Evers contends that Edens #2 was still a party as of the date of the notice of removal because the state court had not approved the settlement. Chuck E. Cheese's, on the other hand, asserts that the settlement was unequivocal and thus effectively ended all of Ms. Evers' claims against Edens #2.

The parties appear to agree that as a general rule, a stipulation to dismiss takes the settling defendant "out of consideration in determining, for purposes of removal, whether complete diversity existed." *Finger v. Firestone Tire & Rubber Co., Inc.*, No. 87 C 6901, 1988 WL 1443 at *1 (N.D. Ill. Jan. 5, 1988) (collecting cases). Indeed, cases involving settlements that do not require court approval form the cornerstone of Chuck E. Cheese's filings. Ms. Evers, however, argues that because the settlement here involved the estate of a minor, Edens #2 counts for diversity purposes because it is still a party unless and until the moment that a court accepts the settlement. Ms. Evers also stresses that Illinois law provides a cap for certain damages and the settlement is less than the cap, so a court considering the settlement will have to determine whether the amount and other terms are reasonable. *See* Dkt. 25, at 3-4.

Ms. Evers correctly notes that under the Illinois Wrongful Death Act, a court must decide whether or not to accept a settlement involving a minor decedent. *See* 740 ILCS § 180/1, *et seq*. Since this did not occur before Chuck E. Cheese's filed its notice of removal, this issue is still pending and must be resolved by this court if the case remains in federal court.

This is a non-ministerial decision involving a non-diverse party. As such, the presence of Edens #2 destroys diversity jurisdiction. *See Ray v. Craig Loftin Trailer Sales, LLC*, No. CIV-09-104-JHP, 2009 WL 2175971, at *2 (E.D. Okla. Jul. 21, 2009) (remanding case because settling non-diverse defendant was not "effectively eliminated as a party because under Oklahoma law a settlement reached on behalf of a minor is not final without a court order"); *Webb v. Paccar Leasing Co.*, No. 4:09CV211, 2009 WL 1703207, at *2 (E.D. Tex. Jun. 18, 2009) ("At the time of removal, the settlement agreement had not been approved by the state court and is not binding and enforceable as to the minor Plaintiff in this action. If the state court rejects the settlement agreement, Plaintiff's cause of action against [the non-diverse settling defendant] still exists, which makes them a continued party to the suit and defeats diversity jurisdiction"), Report and Recommendation Adopted by 2009 WL 1812446 (E.D. Tex. Jun. 23, 2009); *Reid v. American Commerce Ins. Co.*, No. CIV.A. 6:07-73DCR, 2007 WL 1173030, at *4 (E.D. Ky. Apr. 19, 2007) (remanding case where the removal occurred before the parties could obtain court approval of the settlement between a minor and a non-diverse party because "at the time of removal, [the settling defendant] was still a party to the action" so the "case was not yet removable"); *Tripp v. Kline*, No. 406CV01252 ERW, 2007 WL 844821, at *4 (E.D. Mo. Mar. 19, 2007) (because state law "makes clear that a settlement of a minor's claim shall not be effective until approved by the

(continued)

| STATEMENT |
|---|

court" the settlement between certain non-diverse defendants and a minor plaintiff prior to § 1446(b)'s one-year deadline did not make the case immediately removable because it had not been approved); *Singh v. Edwards Lifesciences Corp.*, No. C06-1457RSM, 2006 WL 3499235, at *1-2 (W.D. Wash. Dec. 5, 2006) (removal before the state court considered whether to approve a settlement between a minor and one defendant as required by state law meant that "the settlement was neither binding nor effective" so the settling defendant's citizenship defeated diversity jurisdiction); *McCormick v. Excel Corp.*, 413 F.Supp.2d 967, 971 (E.D. Wis. 2006) (granting motion to remand because settlements involving minors require judicial approval); *Guerrero v. General Motors Corp.*, 392 F.Supp.2d 1133, 1135-36 (N.D. Cal. 2005) (remanding case because settlements involving minor plaintiffs "are neither final nor binding on the parties" until they are approved). The court also acknowledges Chuck E. Cheese's position that the fact that Ms. Evers – Troy's mother – is not a minor means that the settlement is not subject to court approval. This is incorrect, as Ms. Evers is proceeding on Troy's behalf, not personally. Accordingly, Ms. Evers' motion to remand is granted.

This leaves Ms. Evers' request for fees under 28 U.S.C. § 1447(c), which states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of fees is proper where there is no "objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The court rejected Chuck E. Cheese's position regarding the effect of the proposed settlement between Ms. Evers and Edens #2. Nevertheless, the interesting procedural issue in this extremely sad case is novel in the Seventh Circuit and Chuck E. Cheese's position was supported by authority, even if the court ultimately did not find it persuasive. Accordingly, in an exercise of its discretion, Ms. Evers' request for fees is denied. *See Turner v. Ford Motor Co.*, 116 F.Supp.2d 755, 763-64 (S.D. Miss. 2000).